17 So.2d 592

## DUNHAM v. STATE.
### 6 Div. 37.

Court of Appeals of Alabama.
April 18, 1944.

Silberman & Silberman and Victor H. Smith, all of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

402

BRICKEN, Presiding Judge.

The governing statutes in this case are as follows:

"§ 12. Any person who sends to another a threatening or abusive letter, which may tend to provoke a breach of the peace, shall be punished, on conviction, by fine and imprisonment in the county jail, or hard labor for the county; the fine not to exceed, in any case, five hundred dollars, and the imprisonment or hard labor not to exceed six months.

"§ 13. Whenever section 12 of this title makes the sending of a letter criminal, the offense shall be deemed complete from the time it is deposited in any postoffice or other place, or delivered to any person, with intent that it shall be forwarded; and the sender may be indicted and tried in the county wherein it was so deposited or delivered, or in which it was received by the person to whom it was addressed." Title 14, Secs. 12 and 13.

This prosecution was begun in the Jefferson County Court of Misdemeanors upon affidavit and complaint of one O. F. Osborne. Sworn and subscribed to before the judge of said court. The original trial resulted in the conviction of the defendant and from the judgment of conviction pronounced and entered, an appeal was taken to the circuit court. The proceedings in this connection were regular as shown by the record.

In the circuit court the defendant was tried upon the Solicitor's complaint which reads as follows:

"Solicitor's Complaint

"The State of Ala- } The Circuit Court of Tenth
bama, } Judicial Circuit
"Jefferson County. } Present Term, 1943

"On Appeal from Jefferson County Court of Misdemeanors.

"The State of Alabama, by its Solicitor, complains of Elijah Dunham. That, within twelve months before the commencement of this prosecution, Elijah Dunham did send a threatening or abusive letter to Mrs. J. L. Flippen against the peace and dignity of the State of Alabama.

"R. E. McAdory, Solicitor."

The trial was before the judge sitting without a jury, the defendant having waived trial by jury. It resulted in the conviction of the defendant and from the judgment pronounced and entered this appeal was taken.

■ As will be noted in the above-quoted statutes, the gravamen of an offense as here charged is the sending to another a threatening or abusive letter which may tend to provoke a breach of the peace, and before a conviction could be permitted to stand, this material fact must be proven by legal evidence; the measure of proof being, beyond all reasonable doubt and to a moral certainty, that the defendant did send such letter to the alleged injured party named in the complaint upon which he was being tried. Upon the trial below there was no such evidence adduced.

Earnest counsel for appellant took this view and upon the conclusion of taking the testimony "moved the court to exclude the evidence, upon the ground there is no evidence at all showing that this defendant sent or had delivered the letter or note in question to the alleged injured party. There is no evidence of that kind at all, and we move to exclude the evidence." The learned trial judge in response to said motion, also expressed the same views, the court stating: "Well, there is no evidence here as to how Mrs. Flippen came into possession of the papers." Whereupon, at the insistence of the Solicitor the trial court reopened the case, which the court had the legal right to do; and recalled State witness Brooks in an attempt to make out this the controlling point in the case. But the record shows an entire failure so to do, for the testimony further given by said witness had no tendency to prove this essential fact. The only testimony on this question was given by the defendant who testified emphatically that he did not send that note to Mrs. Flippen. There was no testimony to the contrary.

■ In the brief of the Attorney General our attention is directed to the fact that in numerous instances no exceptions were reserved to adverse rulings of the trial court. We note, in this connection several objections were interposed by defendant's counsel upon which no ruling of the court was made; and in other instances to adverse rulings nowhere exceptions were reserved. All this is of no moment, and needs no consideration or discussion at our hand for under the statute, Title 15, Sec. 322, such exceptions were not necessary. Said statute reads as follows:

"§ 322. In the trial of any criminal cause at law, in the circuit court or court of like jurisdiction by the judge of the court without the intervention of a jury, the defendant may present for review by bill of exceptions the conclusions and judgment of the court on the evidence, and the court of appeals or supreme court shall review the same without any presumption in favor of the court below, either on the rulings on the law, or conclusions on the evidence, and if there be error, shall render such judgment in the cause as the court below should have rendered, or reverse and remand the same for further proceedings in the circuit court, as the court of appeals or the supreme court may deem right. The finding of the court on the facts shall be subject to review without an exception thereto."

From what has been said, the trial court was in error in not rendering a judgment of acquittal for the defendant. Under the provisions of the statute, supra, we deem it right to enter an order here discharging the defendant from further custody in this proceeding. It is therefore ordered that a judgment be here made and entered reversing the judgment of conviction from which this appeal was taken, and further that a judgment is here rendered in favor of appellant, discharging him from further custody in this case.

Reversed and rendered.

Defendant discharged.